Lundberg Stratton, J.,
dissenting.
{¶ 16} I respectfully dissent. This is a matter of first impression for this court. Pursuant to Gov.Bar R. V, this court has determined that a failure to pay child support is lawyer misconduct warranting discipline. Gov.Bar R. V(5) provides:
{¶ 17} “(A)(1) Interim Suspension. A justice, judge, or an attorney admitted to the practice of law in Ohio shall be subject to an interim suspension under either of the following circumstances:
{¶ 18} “ * * *
{¶ 19} “(b) A final and enforceable determination has been made pursuant to Chapter 3123. of the Revised Code that the justice, judge, or attorney is in default under a child support order.”
*128 {¶ 20} On December 16, 2004, pursuant to Gov.Bar R. V(5)(A), the Secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio submitted to this court a certified copy of a determination of default of a child-support order by respondent. On January 24, 2005, this court suspended respondent from the practice of law for an interim period. This court further ordered that respondent “shall not be reinstated to the practice of law until (1) the Board of Commissioners on Grievances and Discipline files in accordance with Gov.Bar R. V(5)(D)(l)(b) with the Supreme Court a certified copy of a judgment entry reversing the determination of default under a child support order, or it files in accordance with Gov.Bar R. V(5)(D)(l)(c) with the Supreme Court a notice from a court or child support enforcement agency that respondent is no longer in default under a child support order or is subject to a withholding or deduction notice or a new or modified child support order to collect current support or any arrearage due under the child support order that was in default and is complying with that notice or order, and (1) this court orders respondent reinstated to the practice of law.”
{¶ 21} This process disciplines an attorney for his or her failure to comply with a court order, yet allows a cure upon proof that the respondent has complied with the court order either by satisfaction of the arrearages or by a withholding arrangement. Until then, the attorney remains suspended.
{¶ 22} In this case of first impression, on August 8, 2005, relator, Disciplinary Counsel, charged respondent with two counts of professional misconduct: the first for his failure to comply with a child-support order, and the second for his failure to respond during relator’s investigation of this misconduct. The board concluded that the interim child-support-default suspension imposed on January 24, 2005, remained in effect and that respondent remained in default of his child-support obligation. Therefore, the board found that respondent had violated DR 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer’s fitness to practice law).
{¶ 23} The majority concluded that respondent violated DR 1-102(A)(6) and Gov.Bar R. V(4)(G), as found by the board. The majority therefore suspended respondent from the practice of law for a period of one year, with no credit for his interim suspension and with any reinstatement to be on the condition that he proves compliance with all requirements imposed in our interim suspension order.
{¶ 24} I am concerned that a finite term of suspension on top of his interim suspension reduces respondent’s ability to earn a living, thereby diminishing his ability to support his children in the long run. Respondent is already under an interim suspension pursuant to this court’s January 24, 2005 order. Therefore, respondent is already being sanctioned. I would continue respondent’s interim suspension as previously ordered by this court. We need not do anything *129 further, as respondent is already suspended from the practice of law. There is no need for relator to spend precious resources on investigating and prosecuting this second case against respondent to accomplish what has already happened.
Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.
{¶ 25} I believe this added discipline accomplishes nothing and, in the long run, potentially harms the victims, the children, to whom child support is owed. Under an interim suspension, if respondent is able to get a loan or secure other resources to bring his arrearages current (or obtain a satisfactory garnishment of his wages to lift the default), then he may come into compliance with his child-support obligations and apply to be reinstated; the children then benefit. Under the majority’s new sanction, respondent no longer has any motivation for paying his arrearages promptly. Not only has his livelihood been cut off, so that he might not be able to repay a loan, but so has the possibility of a satisfactory garnishment to lift the default. The children are the ones really punished.
{¶ 26} And what now happens when respondent fails to comply? Do we reimpose an interim suspension, or do we investigate, prosecute, and apply another form of suspension? It gains nothing. I believe we should only continue the interim suspension — a penalty with built-in incentives to satisfy the arrearage. As soon as respondent’s arrearages are paid, I would allow him to provide proof of the payment, and permit him to apply to be reinstated on the condition that he proves compliance with all the requirements imposed in this court’s interim suspension order. In so doing, respondent would be able to more quickly return to the practice of law and be able to earn a living and better provide for his children. If respondent continued not to comply, he would remain suspended. I respectfully dissent.
Lanzinger, J., concurs in the foregoing opinion.